**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MICHAEL CARGILL**, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Case No. 1:19-cv-349-DAE** |
| | : | |
| **MERRICK GARLAND**, in his official | : | |
| capacity as Attorney General of the | : | |
| United States, | : | |
| Defendant. | : | |
| | : | |

### PLAINTIFF'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT OR, ALTERNATIVELY, RULE 59(e) MOTION TO AMEND THE JUDGMENT

Pursuant to Federal Rules of Civil Procedure 60 and 59(e), Plaintiff Michael Cargill hereby moves to clarify the scope of the judgment the Court awarded to him in its March 6, 2023 order ("the Order"). Cargill's complaint sought an award of both injunctive and declaratory relief. Cargill prevailed on his Administrative Procedure Act claim before the appeals court, which remanded the case to this Court with directions to grant Cargill relief on his claim. The Order entered judgment for Cargill but did not specify the precise nature of relief—injunctive, declaratory, or otherwise—awarded by virtue of that judgment. To prevent any future confusion regarding the scope of the relief awarded and Cargill's rights thereunder, he requests that the Court issue an order specifying the precise nature of the relief granted.

Alternatively, if the Court intended its Order to deny Cargill any of his requested relief, Cargill hereby moves under Rule 60(b) to amend the judgment on grounds of mistake or inadvertence because it is contrary to the express terms of the Fifth Circuit's remand. Plaintiff also seeks relief under Rule 59(e), which authorizes a party to move to alter or amend a judgment "to

correct manifest errors of law." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). While the appeals court did not specify the precise scope of the relief to which Cargill is entitled, it made clear that he is entitled to all relief necessary to remedy the injuries Defendants inflicted by their unlawful conduct. Yet by entering judgment for Cargill while simultaneously denying him any relief, the Court in effect entered judgment for Defendants.

Before filing this motion, counsel for Plaintiff conferred with counsel for Defendants; he indicated that Defendants "oppose the motion and will file a response in due course."

## STATEMENT OF THE CASE

A federal criminal statute adopted in 1986 bans civilian ownership of any "machinegun" manufactured after 1986. 18 U.S.C. § 922(o)(1). The statutory definition of a "machinegun," which has remained constant since 1986, states:

> The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any combination of parts designed and intended for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

26 U.S.C. § 5845(b). That definition is incorporated into the criminal code by 18 U.S.C. § 921(a)(23).

"Bump stocks" are devices that can be affixed to semi-automatic rifles to assist with more rapid firing, particularly among users with limited hand mobility. Between 2008 and 2017, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) repeatedly issued classification decisions indicating that non-mechanical bump stocks are not "machinegun[s]" as defined by federal law and thus are not subject to the federal ban on sale and possession of machineguns. *See* ATF,

*Bump-Stock-Type Devices*, 83 Fed. Reg. 66,514, 66,514 (Dec. 26, 2018) ("Final Rule").  The Final Rule reversed that longstanding interpretation, declared that all varieties of non-mechanical bump stocks are "machineguns," and ordered the hundreds of thousands of Americans who owned bump stocks (including Plaintiff Michael Cargill) to either destroy their bump stocks or abandon them at an ATF office by March 26, 2019.

In March 2019, Cargill filed suit against ATF and the U.S. Department of Justice.  The suit alleged, among other things, that issuance of the Final Rule was not in accordance with law and in excess of statutory authority, in violation of the Administrative Procedure Act (APA).  5 U.S.C. § 706(2)(A) & (C).  The complaint sought an award of both declaratory and injunctive relief.  Cargill surrendered both of his two bump stocks to ATF, but ATF agreed to preserve them pending the outcome of this lawsuit. *Cargill v. Barr*, 502 F. Supp. 3d 1163, 1182 (W.D. Tex. 2020).

Following trial, this Court upheld the Final Rule and entered judgment for Defendants, holding that the best reading of the statutory definition of "machinegun" encompasses non-mechanical bump stocks.  *Id.* at 1194.  A three-judge Fifth Circuit panel affirmed.  *Cargill v. Garland*, 20 F.4th 1004 (5th Cir. 2021).  The appeals court later vacated the panel decision and granted rehearing *en banc*.  37 F.4th 1091 (5th Cir. 2022).

In January 2023, the *en banc* appeals court reversed, holding that the Final Rule violated the APA and that non-mechanical bump stocks are not "machineguns" as defined by 26 U.S.C. § 5845(b).  *Cargill v. Garland*, 57 F.4th 447, 472-73 (5th Cir. 2023) ("*Cargill III*").  The court remanded the case to this Court to "enter judgment for Cargill and *determine what remedy—injunctive, declarative or otherwise—is appropriate to effectuate that judgment*." *Id.* at 472 (emphasis added).  The Fifth Circuit issued its mandate on February 28, 2023.

3

On March 6, 2023, this Court issued an order stating, "In accordance with the Fifth Circuit's opinion, the Court hereby **ORDERS** the Clerk to **ENTER JUDGMENT** for Plaintiff. Thereafter, the Court **ORDERS** that this case be **CLOSED**." Dkt#64 (the "Order").

## ARGUMENT

**I.**   **RELIEF IS WARRANTED UNDER RULE 60(a) TO CORRECT THE COURT'S OVERSIGHT OR OMISSION REGARDING DETERMINATION OF AN APPROPRIATE REMEDY OR, ALTERNATIVELY, UNDER RULES 60(b) AND 59(e) TO CORRECT THE COURT'S MISTAKE IN CONCLUDING THAT PLAINTIFF IS NOT ENTITLED TO ANY RELIEF**

The Fifth Circuit directed this Court on remand to perform two functions: (1) enter judgment for Plaintiff Michael Cargill; and (2) determine the proper scope of relief. The Court's Order satisfied the first of those two requirements but then ordered that the case be closed without directly addressing the second requirement. Fed.R.Civ.P. 60(a) authorizes a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Relief is warranted under Rule 60(a) to permit the Court to correct its apparent oversight in neglecting to address the remedy to which Cargill is entitled for having prevailed on his claim that "[t]he Final Rule promulgated by ATF violates the APA." *Cargill III*, 57 F.4th at 473.

By directing entry of judgment for Cargill, the Order arguably granted him the relief requested in the complaint. But even if that is correct, the terms of that relief are not clear and will lead to confusion unless the Court clarifies their precise scope. Defendants are left in doubt regarding their authority to enforce perceived violations of 18 U.S.C. § 922(o)(1). Cargill is left in doubt regarding whether the judgment authorizes him to possess and sell bump stocks and whether he is entitled to recover the two bump stocks that he voluntarily surrendered to ATF pursuant to the Final Rule.

Alternatively, if the Court intended to summarily deny Cargill any relief for having prevailed on his APA claims, then Cargill is entitled to relief under Rule 60(b), which authorizes relief from a final judgment based on "mistake," and Rule 59(e), which authorizes alteration or amendment of a judgment to correct manifest errors of law. The Fifth Circuit expressly held that, on remand, this Court should "determine what remedy—injunctive, declarative or otherwise—is appropriate to effectuate that judgment." *Id.* at 472. In light of that remand order, entry of judgment without specifying any relief and without a determination of the relief necessary to effectuate the judgment constitutes "mistake" within the meaning of Rule 60(b) and a manifest error of law under Rule 59(e). Indeed, by denying Cargill any relief, the Court effectively nullified the order of the Fifth Circuit and entered judgment for Defendants.

## II.    VACATUR OF THE FINAL RULE IS WARRANTED AS A REMEDY FOR DEFENDANTS' APA VIOLATION

The Fifth Circuit determined that ATF's promulgation of the Final Rule violated the APA. *Id.* at 473. The most appropriate remedy for that violation is a judgment vacating the Final Rule.

The APA directs courts to "hold unlawful and set aside agency action[s] ... found to be ... arbitrary, capricious, an abuse of discretion, or otherwise *not in accordance with law*." 5 U.S.C. §706(2)(A) (emphasis added). In light of that statutory direction, the Fifth Circuit has repeatedly held that the "default rule" is that vacatur of challenged federal action is the "appropriate" remedy when, as here, the action is determined to violate the APA. *Data Marketing Partnership, LP v. U.S. Dep't of Labor*, 45 F.4th 846, 859 (5th Cir. 2022); *Texas v. Biden*, 20 F.4th 928, 1000 (5th Cir. 2021), *rev'd on other grounds*, 142 S. Ct. 2528 (2022).

The *en banc* Fifth Circuit in this case noted that "vacatur of an agency action is the default

5

rule in this Circuit." *Cargill III*, 57 F.4th at 472.  It concluded that because "the parties have not briefed the remedial scope question," the question of whether the "appropriate" remedy is vacatur or "a more limited remedy" should be determined in the first instance by this Court on remand.  *Ibid.*

Under the circumstances of this case, the presumptive remedy for an APA violation—vacatur—is appropriate here.  The Fifth Circuit has recognized the appropriateness of a more limited remedy—a "remand for the agency to correct its errors"—only in "rare cases." *Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368, 375 n.29 (5th Cir. 2022) (quoting *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019)).  Cargill's is not that "rare case."

According to the Fifth Circuit, following a finding that agency action violates the APA, remand without vacatur is appropriate only "when there is at least a serious possibility that the agency will be able to substantiate its decision given an opportunity to do so."  *Texas Ass'n of Manufacturers v. U.S. Consumer Product Safety Comm'n*, 989 F.3d 368, 389 (5th Cir. 2021).[1]  That exception to the presumption-of-vacatur rule is applicable to cases involving a finding that an agency's action is arbitrary and capricious, not to cases (as here) involving agency action deemed "not in accordance with law."

In an arbitrary-and-capricious case, a reviewing court typically bases an APA-violation holding on a finding that the federal agency has failed to articulate "a satisfactory explanation" for its decision, "including a rational connection between the facts found and the choice made."  *Motor*

---

[1] The Fifth Circuit has adopted a two-factor test for determining whether remand without vacatur is appropriate: "(1) the seriousness of the deficiencies of the action, that is, how likely it is the agency will be able to justify its decision on remand; and (2) the disruptive consequences of vacatur."  *Texas v. Biden*, 20 F.4th at 1000 (quoting *United Steel*, 925 F.3d at 1287).

*Veh. Mfrs. Assn. of United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Under those circumstances, it is plausible that the agency could articulate the requisite "satisfactory explanation" if provided a second chance to do so on remand.  But no similar possibility exists in not-in-accordance-with-law cases, such as this one.  Given the Fifth Circuit's holding that bump stocks are not "machineguns" within the meaning of 26 U.S.C. § 5845(b), no additional explanations from ATF on remand could salvage the Final Rule.[2]  In the absence of that possibility, vacatur of the Final Rule—the "default" remedy for a holding that agency action violates the APA—is the appropriate remedy.

Cargill's complaint did not expressly request vacatur, but that fact does not affect the remedy to which he is entitled.  Except in cases involving default judgments, "[e]very ... final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."  Fed.R.Civ.P. 54(c).  *See Franciscan Alliance*, 47 F.4th at 378.

## III.   CARGILL HAS SUFFERED IRREPARABLE INJURY AND IS ENTITLED TO INJUNCTIVE RELIEF TO PREVENT FURTHER IRREPARABLE INJURY

Vacatur of the Final Rule will prevent ATF from invoking *the Final Rule* to interfere with Cargill's future possession and sale of bump stocks.  But for the reasons explained below, Cargill's injuries cannot be fully redressed unless the Court also grants him injunctive relief.

In both this action and other lawsuits challenging the Final Rule, Defendants have taken the

---

[2] The D.C. Circuit has explained that "vacatur is clearly warranted" whenever the APA violation consists of "legal error."  *Long Island Power Authority v. FERC*, 27 F.4th 705, 717 (D.C. Cir. 2022).  In such cases remand without vacatur is unwarranted because the agency "cannot rehabilitate its preferred interpretation on remand" and "disruptive consequences matter 'only insofar as the agency may be able to rehabilitate its rationale.'"  *Ibid.* (quoting *Comcast Corp. v. FCC*, 579 F.3d 1, 9 (D.C. Cir. 2009)).

position that the "best interpretation" of 26 U.S.C. § 5845(b) is that non-mechanical bump stocks are encompassed with the definition of "machinegun[s]." *See, e.g.*, Defs. Trial Brief, Dkt#46 at 9. In other words, quite apart from the Final Rule, Defendants contend that possession of a bump stock is a felony punishable by up to ten years in prison. In the absence of an injunction, vacating the Final Rule would not prevent federal prosecutors from bringing criminal charges against Cargill when he once again takes possession of a bump stock.[3]

Accordingly, the Court should enter an injunction preventing Defendants from prosecuting Cargill under 18 U.S.C. § 922(o)(1) for possessing non-mechanical bump stocks. Moreover, Cargill does not intend simply to possess bump stocks. Cargill is a Federal Firearms Licensed dealer (FFL) who is licensed to sell a wide variety of weapons. He owns and operates Central Texas Gun Works, a thriving business in Austin, Texas that sells firearms and offers courses on their safe handling. In light of the Fifth Circuit's determination that non-mechanical bump stocks are not "machinegun(s)," he intends to once again offer them for sale. Such sales will be impracticable unless the Court's injunction also bars Defendants from bringing criminal charges against prospective purchasers of non-mechanical bump stocks throughout the three States encompassing the Fifth Circuit. *See* Declaration of Michael Cargill, ¶¶ 2-10.

To be entitled to permanent injunctive relief, plaintiffs must show:

(1) that [they have] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff[s] and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a

---

[3] Indeed, ATF asserts that federal law has unambiguously prohibited possession of bump stocks since 1986, that the ten letter rulings it issued between 2008 and 2017 approving bump stocks were based on a misinterpretation of the law, and that the nonprosecution of Cargill and others who possessed bump stocks before 2019 was solely a matter of prosecutorial discretion.

permanent injunction.

*Texas v. Biden*, 20 F.4th at 1001 (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).  Cargill satisfies each of those four requirements.

First, he has suffered an irreparable injury for the past four years (confiscation of his private property and the inability to enjoy use of his property throughout that period) and faces further irreparable injury (the imminent threat of criminal prosecution) in the absence of an injunction. Second, no remedy available at law can prevent Defendants from acting on their strongly held position that possession of a non-mechanical bump stock by Cargill and his customers violates the criminal law.  Cargilll and his customers should not have to trust in the prosecutorial discretion of the Department of Justice.

Third, "the balance of hardships" strongly favors entry of injunctive relief.  Defendants may attempt to argue that an injunction against prosecuting bump-stock owners under 18 U.S.C. § 922(o)(1) would prevent them from protecting public safety.  But any such argument is premised on the notion that such prosecutions are a lawful exercise of federal authority.  The Fifth Circuit has determined that they are not.  *See Alabama Ass'n of Realtors v. HHS*, 141 S. Ct. 2485, 2490 (2021) (*per curiam*) (stating that "our system does not permit agencies to act unlawfully even in pursuit of desirable ends").  Any such public-safety arguments should be directed to Congress, not the federal courts.

Finally, the public interest would not be disserved by a permanent injunction.  As the Fifth Circuit has explained, "[T]here is generally no public interest in the perpetuation of unlawful agency action."  *Wages & White Lion Investments, L.L.C. v. FDA*, 16 F.4th 1130, 1143 (5th Cir. 2021).  *See Texas v. Biden*, 20 F.4th at 1002 (explaining that "there is a public interest in having governmental

agencies abide by the federal laws that govern their existence and operation").

The Court's injunctive relief should include an order directing ATF to return to Cargill the two bump stocks that he surrendered to the Bureau; he surrendered them with the express understanding that ATF would return the property to him should he prevail in this lawsuit. Cargill would be irreparably harmed in the absence of such an order because it is highly unlikely that he could ever recover monetary damages to compensate him for the loss of his property. Following issuance of the Final Rule, numerous bump stock owners filed damage claims against the federal government, seeking just compensation for the confiscation of their property under the Fifth Amendment's Takings Clause. The federal courts have uniformly rejected those claims. *See, e.g.,* *McCutchen v. United States*, 14 F.4th 1355 (Fed. Cir. 2021), *cert. denied*, 143 S. Ct. 422 (2022).

## IV.   THE COURT SHOULD AWARD DECLARATORY RELIEF, DECLARING THAT NON-MECHANICAL BUMP STOCKS ARE NOT "MACHINEGUNS"

"In a case of actual controversy within its jurisdiction," the Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration." *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006) (quoting 28 U.S.C. § 2201). "To obtain [declaratory] relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).

The Fifth Circuit has established Defendants' past wrongdoing: they engaged in agency action in violation of the APA, wrongdoing that injured Cargill. Moreover, in light of Defendants' continued assertion that non-mechanical bump stocks are "machinegun[s]" and thus that those who possess bump stocks are subject to criminal prosecution, Cargill has demonstrated that his plans to

re-acquire bump stocks creates an immediate threat of repeated injury. Accordingly, Cargill requests declaratory relief—effective throughout Texas, Louisiana, and Mississippi—stating that non-mechanical bump stocks are not "machinegun[s]" within the meaning of 26 U.S.C. § 5845(b) and that their possession and/or sale does not violate 18 U.S.C. § 922(o)(1).

## CONCLUSION

Plaintiff Michael Cargill respectfully requests that the Court grant his motion to amend the judgment entered on March 6, 2023, by specifying that he is entitled to the following relief:

(1) Vacatur of the Final Rule issued by ATF on December 26, 2018 and published in the Federal Register at 83 Fed. Reg. 66,514;

(2) An injunction prohibiting Defendants from filing criminal charges against Cargill under 18 U.S.C. § 922(o)(1) for possessing a non-mechanical bump stock or for selling such devices to others;

(3) An injunction requiring ATF to return to Cargill the two non-mechanical bump stocks that it ordered him to surrender to the Bureau in March 2019;

(4) An injunction prohibiting Defendants from filing criminal charges under 18 U.S.C. § 922(o)(1) against anyone residing within Texas, Louisiana, or Mississippi for possessing a non-mechanical bump stock; alternatively, an injunction prohibiting Defendants from filing criminal charges under 18 U.S.C. § 922(o)(1) against anyone residing within the jurisdiction of the U.S. District Court for the Western District of Texas for possessing a non-mechanical bump stock;

(5) A declaration pursuant to the Declaratory Judgment Act that a non-mechanical bump stock is not a "machinegun" within the meaning of 26 U.S.C. § 5845(b); and

(6) A declaration pursuant to the Declaratory Judgment Act that the possession of non-

mechanical bump stocks by residents of Texas, Louisiana, or Mississippi does not violate 18 U.S.C. § 922(o)(1); alternatively, a declaration pursuant to the Declaratory Judgment Act that the possession of non-mechanical bump stocks by anyone residing within the jurisdiction of the U.S. District Court for the Western District of Texas does not violate 18 U.S.C. § 922(o)(1).

Respectfully submitted,


/s/ Richard A. Samp
Richard A. Samp
Mark Chenoweth
NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
202-869-5210
rich.samp@ncla.legal

Jonathan Mitchell
MITCHELL LAW PLLC
111 Congress Ave., Suite 400
Austin, TX 78701
512-686-3940
jonathan@mitchell.law

March 28, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2023, I filed the foregoing motion (and accompanying memorandum of points and authorities) electronically with the United States District Court for the Western District of Texas by means of the CM/ECF system and that I served a copy of the motion on Defendants by emailing a copy to:

Alexander Sverdlov
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
alexander.v.svedlov@usdoj.gov

/s/ Richard A. Samp
Richard A. Samp