**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MICHAEL CARGILL,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Case No. 1:19-cv-349-DAE** |
| | : | |
| **MERRICK GARLAND,** in his official | : | |
| capacity as Attorney General of the | : | |
| United States, | : | |
| Defendant. | : | |
| _____ | : | |

## DECLARATION OF MICHAEL CARGILL

Pursuant to 28 U.S.C. § 1746, I, Michael Cargill, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I make this declaration in support of the Rule 60 motion for relief from judgment. I am a law-abiding Texas resident and have no disqualifications that prevent me from lawfully owning or operating a firearm and related accessories.

2. Pursuant to 18 U.S.C. § 923, I am also a Federal Firearms Licensed dealer (FFL), licensed to sell a wide variety of weapons.

3. I own and operate Central Texas Gun Works, a thriving business in Austin, Texas that sells firearms and offers courses on their safe handling.

4. My business regularly sold non-mechanical bump stocks until late 2018, when the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) adopted a regulation declaring that all varieties of non-mechanical bump stocks are "machinegun[s]" within the meaning of 26 U.S.C. § 5845(b) and are therefore illegal either to possess, transfer, or sell. *See* ATF, *Bump-Stock-Type Devices*, 83 Fed. Reg. 66,514 (Dec. 26, 2018) ("Final Rule").

5.  In light of the decision of the U.S. Court of Appeals for the Fifth Circuit declaring that non-mechanical bump stocks are not "machinegun[s]," I anticipate resuming the sale of non-mechanical bump stocks.

6.  However, I am very hesitant to resume such sales in the absence of an injunction against Defendants that prevents them from taking action against me and those who purchase bump stocks from me.  Despite the Fifth Circuit's decision, Defendants continue to assert in on-going court proceedings that the Final Rule is valid, that a non-mechanical bump stock is a "machinegun," that the transfer or possession of a bump stock is a felony under 18 U.S.C. § 922(o)(1), and that their sale by a licensed dealer is a felony under 18 U.S.C. § 922(b)(4).  For example, Defendants took that position in a motion for summary judgment they filed on February 13, 2023 in federal district court in Utah in an on-going legal challenge to the Final Rule.  *See Aposhian v. Garland*, No. 2:19-cv-0037-JNP-CMR, Dkt#64.

7.  In the absence of an injunction, Defendants' continued adherence to the Final Rule creates a serious danger that they will respond to my sale and possession of bump stocks by filing criminal charges against me, seeking revocation of my dealer license under 18 U.S.C. § 923(e), or both.

8.  An injunction preventing Defendants from taking action against me for possessing, transferring, or selling bump stocks to qualified purchasers would protect me personally.  But unless the injunction is extended to my potential customers, my plan to resume sales of bump stocks would be effectively blocked by Defendants.  Would-be customers will be unwilling to purchase bump stocks from me unless they can be assured that they will not be subject to criminal prosecution if they possess a bump stock.

2

9.  Most of my customers are residents of Texas.  But my customer base includes some residents of nearby States, such as Louisiana and Mississippi.  I therefore request that the Court issue an injunction prohibiting Defendants from filing criminal charges under 18 U.S.C. § 922(o)(1) against residents of Texas, Louisiana, and Mississippi (the three States comprising the Fifth Circuit), provided that those residents are not barred from purchasing firearms under some other provision of federal law.  Alternatively, I request that the Court issue a similar injunction extending to those residing within the jurisdiction of the U.S. District Court for the Western District of Texas.

10.  The requested injunction will ensure that those who are interested in purchasing bump stocks from me will not be deterred from doing so by the threat of potential criminal prosecution.

Michael Cargill

Dated: 3-23-2023