IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL CARGILL | : | |
| | : | CIVIL ACTION NO.: 1:19-CV-349 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MERRICK B. GARLAND, | : | |
| IN HIS OFFICIAL CAPACITY AS | : | |
| ACTING ATTORNEY GENERAL | : | |
| OF THE UNITED STATES, et al. | : | |
| | : | |
| Defendants. | : | |

**MOTION TO STAY BRIEFING RE PLAINTIFF'S RULE 60 MOTION**

On March 28, 2023, Plaintiff filed a motion for relief under Rule 60 or, in the alternative, under Rule 59, seeking a further order of relief from this Court's entry of judgment for Mr. Cargill following the Fifth Circuit's *en banc* decision in *Cargill v. Garland*, 57 F.4th 447, 473 (5th Cir. 2023), which instructed this Court "to enter judgment." *See* ECF No. 68. The parties dispute the nature of the relief that Mr. Cargill is entitled to should he ultimately prevail in this lawsuit. But the Fifth Circuit's decision in this case conflicts with the results reached in the D.C. Circuit, the Sixth Circuit, and the Tenth Circuit, which each upheld the rule that Cargill challenges here.[1] On or before April 6, 2023, the Government intends to petition the Supreme Court for a writ of certiorari in this case to resolve the disagreement among the courts of appeals. Should the Government ultimately prevail in the Supreme Court, Mr. Cargill would not be entitled to any relief. In the interest of judicial economy and to conserve the parties' resources, Defendants

---

[1] *See Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 45 F.4th 306, 310 (D.C. Cir. 2022); *Gun Owners v. Garland*, 19 F.4th 890 (6th Cir. 2021) (en banc); *Aposhian v. Barr*, 958 F.3d 969 (10th Cir. 2020), *en banc granted but previous order reinstated*, 989 F.3d 890 (10th. Cir. 2021) (Mem.).

therefore respectfully move for the Court to stay briefing on Plaintiff's pending motion until final resolution of the litigation by the Supreme Court. Counsel for Plaintiff represents that Plaintiff takes no position on the relief sought in this motion.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Here, a stay would substantially advance the cause of judicial economy. The issue to be raised in the Government's petition for certiorari—specifically, whether a bump stock device is a "machinegun" within the meaning of 26 U.S.C. § 5845(b)—is likely to be dispositive of Plaintiff's pending motion. If the Supreme Court grants certiorari and rules that the statutory definition of "machinegun" does not include bump stock devices, the parties will likely be able to agree on the appropriate relief in this case, and the Supreme Court's determination of the scope of the statute will be given nationwide application. If, on the other hand, the Supreme Court reverses the Fifth Circuit's decision and rules that bump stock devices are within the statutory definition of "machinegun," then Plaintiff will be entitled to no relief at all.

In either event, this Court's premature determination of whether or what additional relief should be ordered is likely to be overtaken by the Supreme Court's ultimate decision if it grants the Government's petition. It would be inefficient to continue proceedings in this Court while the matter is under review by the Supreme Court. Parallel proceedings in this Court would result in unnecessary expenditure of the Court's judicial resources and potentially result in interim rulings

that would require subsequent modification or reconsideration in light of the appellate proceedings. *See Lovendahl v. Kroger Co., Inc.*, No. 1:21-CV-00350, 2022 WL 594806, at *2 (S.D. Ohio Feb. 28, 2022) (staying proceedings pending decisions on relevant legal issues in other litigation then before the Sixth Circuit); *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017) ("Because many of the . . . legal arguments . . . are presently before the Ninth Circuit, it makes little sense to expend the resources necessary for a full presentation of those same issues in this forum while awaiting guidance from the appellate court. The more efficient course is to await a pronouncement from the governing appellate bodies, at which point the bulk of the determinative issues may very well be settled in most material respects."); *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017) (similar).

      A stay will not unduly burden the parties. Plaintiff is not, and has never been, subject to enforcement proceedings under the bump-stock rule and faces no imminent threat of such proceedings. And although Plaintiff takes a broad view on the legal remedy to which he would be entitled if the Fifth Circuit's decision became final, he is not entitled to treat that decision as final until the Government has availed itself of the appropriate appellate avenues. Indeed, the parties would be burdened more if the Court were to treat the Fifth Circuit's decision as final during the pendency of those proceedings and enter some relief that would ultimately have to be undone or corrected. The better course therefore is to stay further district court proceedings. This stay would promote the interests of finality, justice, and judicial economy by permitting the parties to obtain a final answer on the underlying statutory question from the Supreme Court. And if the Supreme Court denies the current petition, the parties can brief the appropriate relief at that time with the understanding of what statutory construction is binding in this Circuit.

Accordingly, Defendants respectfully ask this Court to stay district court proceedings until appellate proceedings in this matter are fully concluded.

Dated: April 4, 2023                Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch

/s/ *Michael F. Knapp*
MICHAEL F. KNAPP (Cal. Bar No. 314104)
ALEXANDER V. SVERDLOV (NY Bar 4918793)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-2071
Fax: (202) 616-8470
Email: michael.f.knapp@usdoj.gov

*Counsel for Defendants*

CERTIFICATE OF CONFERENCE

I hereby certify that on April 3, 2023, I conferred with Counsel for Plaintiff via email and Counsel for Plaintiff represents that Plaintiff takes no position on the relief sought in this motion.

/s/ *Michael F. Knapp*
MICHAEL F. KNAPP (Cal. Bar No. 314104)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-2071
Fax: (202) 616-8470
Email: michael.f.knapp@usdoj.gov