UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Michael Cargill**,<br><br>    Plaintiff,<br><br>v.<br><br>**Merrick Garland**, et al.,<br><br>    Defendants. | Case No. 1:19-cv-349-DAE |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFF'S RULE 60 MOTION

  Plaintiff Michael Cargill opposes the defendants' request to stay briefing on his Rule 60 motion. If the defendants wanted the courts to withhold relief from Mr. Cargill while they petitioned for certiorari, then they should have asked for the Fifth Circuit to stay the mandate until the disposition of their certiorari petition. *See* Fed. R. App. P. 41(d)(2) ("A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court."). The defendants did not move to stay the mandate under Rule 41(d)(2), for reasons they have not explained. Now that the Fifth Circuit has issued its mandate, this Court is duty-bound to implement the Fifth Circuit's instructions, regardless of any certiorari petition that the defendants intend to file.

  The defendants cannot spurn their opportunity to request a stay of the mandate and then turn around and demand that *this* Court stay its proceedings on account of their pending certiorari petition after the Fifth Circuit's mandate has issued. Once the mandate has issued it must be obeyed—and the prospect of a certiorari petition does not alter this Court's obligation to obey the mandate from a superior court. If the

defendants had moved to stay the Fifth Circuit's mandate under Rule 41(a)(2), they would have had to "show that the petition would present a substantial question and that there is good cause for a stay." But they chose to avoid that demanding standard by seeking a stay of proceedings from this Court, claiming that a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Whatever "discretion" a district court might have to "stay proceedings," it cannot exercise its discretion in a manner that defies the mandate of an appellate court by indefinitely postponing the award of relief that the Fifth Circuit has held Mr. Cargill is entitled to.

None of the defendants' arguments for a stay hold water. Their appeal to "judicial economy" falls flat because the extant "judgment" for Mr. Cargill that fails to specify the relief awarded leaves everyone in a state of confusion about the status of the final rule. *See* Pl.'s Rule 60 Mot., ECF No. 68, at 4.[1] No one can justify leaving the parties (and the rest of the country) in the dark about their legal rights by claiming that postponing consideration of the question might eventually spare the attorneys and the Court some extra work. The precedent of Fifth Circuit also makes clear that vacatur of the final rule is the appropriate remedy in an APA lawsuit of this sort. *See Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir. 2023) (en banc) ("[V]acatur of an agency action is the default rule in this Circuit."); *see also Franciscan Alliance, Inc. v.*

---

1. *See* Pl.'s Rule 60 Mot., ECF No. 68, at 4 ("By directing entry of judgment for Cargill, the Order arguably granted him the relief requested in the complaint. But even if that is correct, the terms of that relief are not clear and will lead to confusion unless the Court clarifies their precise scope. Defendants are left in doubt regarding their authority to enforce perceived violations of 18 U.S.C. § 922(o)(1). Cargill is left in doubt regarding whether the judgment authorizes him to possess and sell bump stocks and whether he is entitled to recover the two bump stocks that he voluntarily surrendered to ATF pursuant to the Final Rule.").

*Becerra*, 47 F.4th 368, 374–75 (5th Cir. 2022) ("Vacatur is the only statutorily prescribed remedy for a successful APA challenge to a regulation."); *Data Marketing Partnership, LP v. United States Dep't of Labor*, 45 F.4th 846, 859 (5th Cir. 2022). So the remedial issue is not something that should require extensive briefing beyond citations and discussion of the relevant Fifth Circuit precedents.

It is also far from clear that the Supreme Court will resolve the scope-of-relief question if it grants the defendants' petition for certiorari. The defendants will be asking the Court to decide the interpretation of 26 U.S.C. § 5845(b), not to determine the extent of the relief to which Mr. Cargill is entitled. Although a ruling for the defendants on the statutory question will obviate the need to resolve the remedial issues in this case, a ruling for the plaintiffs will not necessarily produce a Supreme Court opinion that weighs in on the appropriate remedy. The Court could simply announce its interpretation of the statute and then punt the remedial question back to the lower courts—and such an outcome seems especially likely if this Court decides to put off the remedial question until after the Supreme Court rules.

Finally, Mr. Cargill will be severely prejudiced by a stay. Under the terms of the final rule challenged in this lawsuit, Mr. Cargill was required to surrender his two bump stocks to the Bureau of Alcohol, Tobacco, Firearms, and Explosives in March 2019—with the understanding that ATF would return the bump stocks to him if he prevailed in his challenge to the final rule. ATF has now deprived him of his private property for more than four years. Under the terms of the Fifth Circuit's decision, Cargill is entitled to the immediate return of his property. Yet by seeking a stay, the defendants are seeking to delay that return. The delay is particularly inappropriate because ATF explicitly promised that it would return Cargill's bump stocks if he prevailed in this litigation. A stay will also delay Cargill's effort to obtain the remainder of the relief requested in his pending motion, including explicit recognition of his

right to resume selling bump stocks at Central Texas Gun Works—his thriving business in Austin, Texas that sells firearms and offers courses on their safe handling.

## CONCLUSION

The defendants' motion to stay briefing on plaintiff's Rule 60 motion should be denied.

Respectfully submitted.

|  |  |
|---|---|
| Richard A. Samp<br>Mark Chenoweth<br>New Civil Liberties Alliance<br>1225 19th Street NW, Suite 450<br>Washington, DC 20036<br>(202) 869-5210<br>rich.samp@ncla.legal | */s/* Jonathan F. Mitchell<br>Jonathan F. Mitchell<br>Texas Bar No. 24075463<br>Mitchell Law PLLC<br>111 Congress Avenue, Suite 400<br>Austin, Texas 78701<br>(512) 686-3940 (phone)<br>(512) 686-3941 (fax)<br>jonathan@mitchell.law |
| Dated: April 11, 2023 | *Counsel for Plaintiff* |

## CERTIFICATE OF SERVICE

I certify that on April 11, 2023, I filed this document electronically with the United States District Court for the Western District of Texas through its CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Plaintiff*
