IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL CARGILL, | : | |
| | : | CIVIL ACTION NO.: 1:19-CV-349 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MERRICK B. GARLAND, | : | |
| IN HIS OFFICIAL CAPACITY AS | : | |
| ATTORNEY GENERAL | : | |
| OF THE UNITED STATES, et al. | : | |
| | : | |
| Defendants. | : | |

**REPLY IN SUPPORT OF MOTION TO STAY BRIEFING
RE PLAINTIFF'S RULE 60 MOTION**

Plaintiff does not meaningfully dispute that permitting the Supreme Court to act on the Government's petition for certiorari before deciding his pending motion will advance judicial economy. Instead, Plaintiff complains that failing to decide the motion now would deny relief to Plaintiff and flout the Fifth Circuit's mandate. Neither is true.

First, this Court has already entered judgment for Plaintiff; it does not "withhold relief," Pl.'s Opp'n at 1, by temporarily staying its consideration of a subsequent motion for relief from that judgment or to amend that judgment. Plaintiff presently has the benefit of the Court's judgment, and of the precedent set by the Fifth Circuit's *en banc* decision. Whether he is entitled to additional relief is a question certain to be shaped by the Supreme Court's disposition of the matter.

Second, this Court dutifully complied with the mandate of the Court of Appeals. The Fifth Circuit's judgment, joined by a majority of that court, "reversed" this Court's prior judgment for Defendants and "remanded" for "further proceedings in accordance with the opinion of" the Fifth Circuit. *See* ECF No. 63 at 2 (Fifth Circuit Judgment). Apart from that judgment, the only portion

of any opinion that garnered support from a majority of the participating judges was Part V of Judge Elrod's opinion. *See id.* at 4 n.* (noting that Chief Judge Richman and Judges Stewart, Southwick, and Ho joined only Part V of the opinion and that Judge Haynes concurred only in the judgment). Part V concerned the application of the rule of lenity to the statute at issue; it does not discuss, much less mandate, the entry of any particular relief on remand, or on any particular schedule. And even Part VIII of Judge Elrod's opinion, which only a plurality of judges joined, made clear that the plurality "express[ed] no opinion" on the "proper scope of relief" on remand. *Id.* at 41-42. The plurality instead viewed any additional relief, beyond the entry of judgment for Plaintiffs, as a question for this Court "to answer . . . in the first instance." *Id.* at 42. Choosing to defer answering that question while awaiting further clarity from the Supreme Court would be entirely consistent with the plurality's expectations.

As to the relevant stay factors, Plaintiff severely understates the burdens that litigating his motion may entail, both at the trial and potentially at the appellate level. Plaintiff blithely asserts that the issue of remedy is straightforward under Fifth Circuit precedent, but neglects to account for his requests for declaratory and injunctive relief, each of which call for an exercise of the Court's discretionary and equitable powers and turn on various factors including, potentially, fact finding concerning the equities and public interest. *Compare* ECF No. 72 at 2-3 (discussing only vacatur), *with, e.g.*, ECF No. 68 at 11 (requesting vacatur, multiple injunctions, and multiple declarations under the Declaratory Judgment Act). The Court would also have to resolve questions about the scope of the relief that Plaintiff seeks, such as whether it should apply to the benefit of third parties, and whether it should apply outside this court's jurisdiction, and, if so, whether it should apply even in geographic circuits where challenges to the Government's interpretation have

failed (such as the Sixth, Tenth, and D.C. Circuits). Notably, Plaintiff does not account for the difficult question what "vacatur" of the Government's interpretation in the Final Rule would mean as a practical or legal matter; the Government has maintained that the statutory scheme itself, even without the rule, prohibits the possession or transfer of bump stock devices. If a stay is denied, the Court will have to grapple with the consequences of awarding such broader relief even when the Fifth Circuit's decision may later be reversed by the Supreme Court. The burden to the Court and parties in resolving those issues may be substantial—and may also be entirely avoided by the Supreme Court's ultimate determination, applicable to all persons and across the United States, whether the statutory definition of machine gun includes or excludes bump stocks.

     Nor is Plaintiff unduly harmed by a stay. At Plaintiff's request, ATF agreed to hold his bump stocks during the pendency of this litigation so that Plaintiff did not have to destroy his bump stocks or risk criminal prosecution for retaining them. The litigation has not ended, but instead remains pending before the Supreme Court. If Plaintiff ultimately prevails, ATF will return his bump stocks, as agreed at the outset of this litigation. In the interim, Plaintiff is simply prohibited from possessing (or selling) machine guns, which category in the Fifth Circuit is currently understood to exclude bump stocks.

     Put simply, this Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court should exercise that discretion to save the parties' and the Court's resources and to promote an orderly nationwide resolution of an important question of law by the Supreme Court. Accordingly, this Court should enter the stay.

Dated: April 12, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General

　　　　　　　　　　　　　　　　　　BRIGHAM J. BOWEN
　　　　　　　　　　　　　　　　　　Assistant Branch Director
　　　　　　　　　　　　　　　　　　Federal Programs Branch

　　　　　　　　　　　　　　　　　　<u>/s/ *Michael F. Knapp*</u>
　　　　　　　　　　　　　　　　　　MICHAEL F. KNAPP (Cal. Bar No. 314104)
　　　　　　　　　　　　　　　　　　ALEXANDER V. SVERDLOV (NY Bar 4918793)
　　　　　　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　1100 L Street NW
　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　Phone: (202) 514-2071
　　　　　　　　　　　　　　　　　　Fax: (202) 616-8470
　　　　　　　　　　　　　　　　　　Email: michael.f.knapp@usdoj.gov

　　　　　　　　　　　　　　　　　　*Counsel for Defendants*