IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL CARGILL, | § | NO. 1:19-CV-349-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MERRICK GARLAND, U.S. Attorney General; United States Department of Justice; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, | § § § § § § § § § | |
| | § | |
| Defendants. | § | |

_____

ORDER GRANTING MOTION TO STAY BRIEFING

The matter before the Court is the Government's Motion to Stay Briefing regarding Plaintiff Michael Cargill's Rule 60 Motion for Relief from Judgment or, Alternatively, Rule 59(e) Motion to Amend the Judgment (Dkt. # 68). (Dkt. # 70.) The Government requests the Court issue a stay on the briefing for Plaintiff's Rule 60 motion pending resolution of the Government's Petition for a Writ of Certiorari, which was filed in the United States Supreme Court on April 7, 2023. (Id.)

BACKGROUND

On March 6, 2023, the Court instructed the Clerk to enter judgment in favor of Plaintiff following instructions from the Fifth Circuit Court of Appeals' January 6, 2023 opinion which reversed and remanded this case with instructions for the Court to enter judgment in favor of Plaintiff (Dkt. # 63). (Dkt. # 64.) Judgment was thereafter entered by the Clerk of Court and the case was closed. (Dkt. # 65.) On March 28, 2023, Plaintiff filed his Rule 60 motion for relief from judgment or, in the alternative, a Rule 59 motion to amend the judgment. (Dkt. # 68.) According to Plaintiff, "[t]he Order entered judgment for Cargill but did not specify the precise nature of relief—injunctive, declaratory, or otherwise—awarded by virtue of that judgment. To prevent any future confusion regarding the scope of the relief awarded and Cargill's rights thereunder, he requests that the Court issue an order specifying the precise nature of the relief granted." (Id.)

On April 4, 2023, rather than file a response to Plaintiff's Rule 60 motion, the Government filed the instant motion to stay briefing on Plaintiff's motion. (Dkt. # 70.) The Government requests the Court stay briefing on Plaintiff's pending motion until final resolution of the litigation in this case by the Supreme Court. (Id.) The Government filed a petition for writ of certiorari in the Supreme Court on April 7, 2023. On April 11, 2023, Plaintiff filed a response in

opposition to the Government's motion to stay briefing.  (Dkt. # 72.)  On April 12, 2023, the Government filed its reply in support of a briefing stay.  (Dkt. # 73.)

## APPLICABLE LAW

A district court has inherent authority to manage its docket, including the power to stay proceedings.  Whole Woman's Health v. Hellerstedt, No. A-16-CA-1300-SS, 2017 WL 5649477, at *1 (W.D. Tex. Mar. 16, 2017) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  The moving party bears a "heavy burden" of demonstrating that a stay is appropriate.  Coastal (Bermuda) Ltd. v. E. W. Saybolt & Co., 761 F.2d 192, 203 n.6 (5th Cir. 1985).

Courts consider four factors in determining whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Veasy v. Perry, 769 F.3d 890, 892 (5th Cir. 2014).  The first two factors of the traditional standard are the most important, id., but "where there is a serious legal question involved and the balance of the equities heavily favors a stay . . . the movant only needs to present a substantial case on the merits."  Weingarten Realty Inv'rs v. Miller, 661 F.3d 904, 910 (5th Cir. 2011); see also Ruiz v. Estelle, 666 F.2d 854, 856-57 (5th Cir. 1982).  Above all, a stay is "an exercise of judicial

discretion" and the propriety of a stay depends on the individualized circumstances of the particular case. Ind. State Police Pension Tr. v. Chrysler LLC, 556 U.S. 960, 961 (2009).

## DISCUSSION

The Government maintains the Court should stay briefing on Plaintiff's Rule 60 motion because, should the Government ultimately prevail in the Supreme Court, Plaintiff would not be entitled to any relief. (Dkt. # 70.) The Court will consider the stay factors below in determining whether a briefing stay is warranted.

A.   Likelihood of Success

The Government asserts that the Fifth Circuit's opinion in this case reversing and remanding conflicts with the results reached in the D.C. Circuit, the Sixth Circuit, and the Tenth Circuit, which each upheld the Rule Plaintiff challenged in this suit. (Dkt. # 70.) Therefore, the Government contends the Supreme Court's granting of its certiorari petition can resolve the disagreement among the courts of appeals. (Id.) The Court agrees.

The Government has a strong position for its contention that it is likely to succeed on its petition for certiorari in this case, given the differing opinions in the courts of appeals that have considered the same issues. If granted, the Supreme Court will then have the opportunity to weigh-in on the merits of the

4

dispute in this case. And, as the Government asserts, a Supreme Court decision could resolve the issue of what relief Plaintiff is entitled to should it uphold the Fifth Circuit's decision in this case.

### B. Harm to Movant

The next factor considers the harm to movant if a briefing stay is not granted. The Government asserts that a briefing stay on Plaintiff's Rule 60 motion would be in the interest of judicial economy and conserve the parties' resources on potential unnecessary briefing should the Supreme Court decide the case differently. The Government argues that it would be harmed by expending unnecessary resources briefing a response to Plaintiff's Rule 60 motion should the Supreme Court grant certiorari in this case. (Dkt. # 70.) The Court finds that, absent a stay, the Government will be forced to incur the time and expense of drafting a response to a motion that may ultimately be moot or amended later. And, by granting a stay, may be avoided in the event that certiorari is granted.

### C. Injury to Plaintiff

Plaintiff writes that he will be seriously prejudiced by a briefing stay because he was required to surrender his two bump stocks to the ATF in March 2019, with the understanding that the bump stocks would be returned to him should he prevail. (Dkt. # 72 at 3.) Thus, Plaintiff assert that the ATF has now deprived him of his property for more than four years. (Id.) He also contends that

he is harmed by his inability to resume selling bump stocks at his gun shop.  (Id. at 3–4.)

As the Government points out in its reply, the ATF agreed to hold Plaintiff's bump stocks during the pendency of this litigation; however, by the Government's filing of a petition for certiorari, the litigation has not yet ended.  Should Plaintiff ultimately prevail in the Supreme Court, the ATF will return his bump stocks at that time.  Thus, although the Court recognizes the personal property interest at issue in Plaintiff's request to return his items, the continued deprivation does not demonstrate harm attributable to a stay while the Supreme Court decides the Government's pending request for a writ of certiorari.  Additionally, Plaintiff is not subject to any enforcement proceedings, nor does he face any imminent threat of such proceedings.

        D.     <u>Public Interest</u>

The Court finds that a stay of briefing in this case supports the public interest because it will promote a nationwide resolution of an important question of law by the Supreme Court should it grant certiorari in this case.  Thus, upon balance of the factors, the Court finds that a briefing stay until the Supreme Court rules on the Government's petition for writ of certiorari in this case is warranted.

CONCLUSION

Based on the foregoing, the Court **GRANTS** the Government's Motion to Stay Briefing regarding Plaintiff Michael Cargill's Rule 60 Motion for Relief from Judgment or, Alternatively, Rule 59(e) Motion to Amend the Judgment (Dkt. # 68). (Dkt. # 70.) The parties are **ORDERED** to file a notice on the docket of this Court **within seven days of the Supreme Court's ruling** on the Government's petition for writ of certiorari. Should the petition be denied, the Government's response to Dkt. # 68 will be due within fourteen days of the parties' notice to the Court.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, April 19, 2023.

_____
David Alan Ezra
Senior United States District Judge