IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL CARGILL, | : | |
| | : | CIVIL ACTION NO.: 1:19-cv-349 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MERRICK GARLAND, in his official capacity as Attorney General of the United States, et al., | : : : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S RENEWED MOTION UNDER RULES 59(e) AND 60
TO ALTER THE JUDGMENT TO VACATE
THE FINAL RULE AND PROVIDE DECLARATORY RELIEF**

Plaintiff Michael Cargill respectfully requests that the Court grant his March 28, 2023 motion (Dkt. # 68) pursuant to Federal Rules of Civil Procedure 59(e) and 60 to alter the judgment in his favor to include relief. Such relief should include vacatur of the Final Rule promulgated by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) entitled *Bump-Stock-Type Devices*, 83 Fed. Reg. 66,514 (Dec. 26, 2018) (Final Rule), and a declaration that non-mechanical bump stocks are not machineguns under 26 U.S.C. § 5845(b).

Following the *en banc* Fifth Circuit's holding that the Final Rule violated the Administrative Procedure Act (APA), this Court entered judgment in Cargill's favor without granting him any relief. While the appeals court did not specify the precise scope of the relief to which Cargill is entitled, it made clear that he is entitled to all relief necessary to remedy the injuries Defendants inflicted by their unlawful conduct. Yet by entering judgment for Cargill while simultaneously denying him any relief, the Court in effect entered judgment for Defendants.

Cargill filed a motion under Rules 59(e) and 60 to alter the judgment to provide relief, which this Court denied without prejudice when the Supreme Court granted certiorari in this case. Dkt # 78. On June 14, 2024, the Supreme Court affirmed the Fifth Circuit, holding that the Final Rule exceeds ATF's statutory authority. *See Garland v. Cargill*, 602 U.S. 406, 415 (2024). Shortly thereafter, the Fifth Circuit vacated this Court's denial of Cargill's motion to alter the judgment and remanded the case to this Court "to consider alterations to the judgment or other relief[.]" *Cargill v. Garland*, No. 23-50856 Doc. 50 (July 12, 2024). Consistent with the Fifth Circuit's instruction, this Court should alter the judgment to vacate the Final Rule as well as provide declaratory relief. As the *en banc* Fifth Circuit in this case already noted, "vacatur of an agency action is the default rule in this Circuit," *Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir.) (*en banc*), *aff'd*, 602 U.S. 406, (2024), and there is no reason to depart from that remedy here.

Counsel for Plaintiff conferred with counsel for Defendants, who responded that "Defendants take the position that declaratory relief is appropriate and sufficient" and "oppose vacatur."

## STATEMENT OF THE CASE

It is a federal felony for a civilian to own or sell any "machinegun" manufactured after 1986. 18 U.S.C. § 922(o)(1). The term "machinegun" is defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). The term includes "any part designed and intended … for use in converting a weapon into a machinegun." *Id.*

"Bump stocks" are devices that can be affixed to semi-automatic rifles to assist with "bump firing," a technique to fire at a higher rate by engaging the trigger more rapidly. *Cargill*, 602 U.S. at 411. ATF repeatedly issued classification decisions indicating that non-mechanical bump stocks

are not "machineguns" as defined by federal law and thus are not subject to the federal ban. *Id.* at 412. The Final Rule reversed that longstanding interpretation, declared that all varieties of non-mechanical bump stocks are "machineguns," and ordered hundreds of thousands of Americans who owned bump stocks (including Cargill) to either destroy their bump stocks or abandon them at an ATF office by March 26, 2019. 83 Fed. Reg. 66514.

In March 2019, Cargill filed suit against Defendants alleging, among other things, that the Final Rule violated the APA because it exceeded ATF's statutory authority. The Complaint sought injunctive and declaratory relief. Following trial, this Court upheld the Final Rule and entered judgment for Defendants, holding that the best reading of the statutory definition of "machinegun" encompasses non-mechanical bump stocks. *See Cargill v. Barr*, 502 F. Supp. 3d 1163, 1182 (W.D. Tex. 2020). A three-judge Fifth Circuit panel affirmed. *See Cargill v. Garland*, 20 F.4th 1004 (5th Cir. 2021). The appeals court later vacated the panel decision and granted rehearing *en banc*. *See* 37 F.4th 1091 (5th Cir. 2022).

In January 2023, the *en banc* appeals court reversed, holding that the Final Rule violated the APA and that non-mechanical bump stocks are not "machineguns" under 26 U.S.C. § 5845(b). *Cargill*, 57 F.4th at 472–73. The appeals court remanded the case to this Court to "enter judgment for Cargill and determine what remedy — injunctive, declarative or otherwise — is appropriate to effectuate that judgment." *Id*. at 472 (emphasis added). The Fifth Circuit issued its mandate on February 28, 2023.

On March 6, 2023, this Court issued an order stating: "In accordance with the Fifth Circuit's opinion, the Court hereby ORDERS the Clerk to ENTER JUDGMENT for Plaintiff. Thereafter, the Court ORDERS that this case be CLOSED." Dkt # 64 (the "Order"). The Order did not provide for any relief, injunctive, declarative, or otherwise, as the Fifth Circuit instructed.

3

Cargill moved under Rules 59(e) and 60 to amend the judgment to provide for specific relief, namely vacatur of the Final Rule, injunctive relief prohibiting Defendants from prosecuting Cargill and others for possession of non-mechanical bump stocks, and declaratory relief stating that the Final Rule is unlawful. Dkt. # 68.

This Court stayed briefing on Cargill's Rule 59(e)/60 Motion when the government petitioned for writ of certiorari, Dkt. # 75, and it denied the motion without prejudice when the Supreme Court granted the government's certiorari petition. Dkt. # 78. Cargill appealed that denial. On June 14, the Supreme Court entered its ruling in *Garland v. Cargill*, affirming the Fifth Circuit's decision that the Final Rule violated the APA and that non-mechanical bump stocks fall outside the statutory definition of machineguns. 602 U.S. at 410. Subsequently, the Fifth Circuit vacated this Court's denial of Cargill's Rule 59(e)/60 Motion and remanded for this Court "to consider alterations to the judgment or other relief in light of the Supreme Court's decision in *Garland v. Cargill*[.]" *Cargill v. Garland*, No. 23-50856 Doc. 50 (July 12, 2024). The Fifth Circuit issued its mandate on September 4, 2024.

## ARGUMENT

**I.    RELIEF IS WARRANTED UNDER RULE 60(a) TO CORRECT THE COURT'S OVERSIGHT OR, ALTERNATIVELY, UNDER RULES 60(b) AND 59(e) TO CORRECT THE COURT'S ERROR IN NOT GRANTING PLAINTIFF ANY RELIEF**

This Court should correct its oversight or error in not granting Cargill any relief. The *en banc* Fifth Circuit directed this Court on remand to: (1) enter judgment for Cargill; and (2) determine the proper scope of relief. As Cargill's Rule 59(e)/60 Motion explained, the Court's Order satisfied the first of those two requirements but then ordered that the case be closed without directly addressing the second requirement. Rule 60(a) authorizes a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment."

4

Relief is warranted under Rule 60(a) to permit the Court to correct its oversight in neglecting to address the remedy to which Cargill is entitled for having prevailed on his claim that "[t]he Final Rule promulgated by ATF violates the APA." *Cargill*, 57 F.4th at 473.

Alternatively, if the Court intended to deny Cargill any relief, then Cargill is entitled to relief under Rule 60(b), which authorizes relief from a final judgment based on "mistake," and Rule 59(e), which authorizes alteration or amendment of a judgment to correct manifest errors of law. The *en banc* Fifth Circuit expressly held that, on remand, this Court should "determine what remedy—injunctive, declarative or otherwise—is appropriate to effectuate that judgment." *Id.* at 472. In light of that remand order, entry of judgment without specifying any relief and without a determination of the relief necessary to effectuate the judgment constitutes "mistake" within the meaning of Rule 60(b) and a manifest error of law under Rule 59(e). Indeed, by denying Cargill any relief, the Court effectively nullified the order of the *en banc* Fifth Circuit.

To the extent that the Court believed granting relief was premature while the Supreme Court considered the case, *see* Dkt. # 78, that concern no longer exists because the Supreme Court affirmed the Fifth Circuit. *Cargill*, 602 U.S. at 410. There is no plausible reason to continue to deny or delay relief to Cargill after the Supreme Court's ruling.

  **II. VACATUR OF THE FINAL RULE IS WARRANTED AS A REMEDY FOR DEFENDANTS' APA VIOLATION**

The Supreme Court affirmed the *en banc* Fifth Circuit's determination that the Final Rule violated the APA by exceeding ATF's statutory authority. *Cargill*, 602 U.S. at 411, 415. The most appropriate remedy for that violation is a judgment vacating the Final Rule under section 706 of the APA.

The APA requires that courts "'shall'—not may—'hold unlawful and set aside' agency action" that exceeds statutory authority. *Nat'l Ass'n of Priv. Fund Managers v. SEC*, 103 F.4th

1097, 1114 (5th Cir. 2024) (citation omitted (quoting 5 U.S.C. § 706)). In light of that statutory command, the Fifth Circuit has repeatedly held that, on finding that a rule violates the APA by exceeding statutory authority, "universal vacatur" under § 706 is "required in this circuit." *Tex. Med. Ass'n v. U.S. Dept. of Health and Human Servs.*, 110 F.4th 762, 780 (5th Cir. 2024); *see also Data Mktg. P'ship, LP v. U.S. Dep't of Labor*, 45 F.4th 846, 859 (5th Cir. 2022) (the "default rule is that vacatur is the appropriate remedy"); *Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368, 374–75 (5th Cir. 2022) ("Vacatur is the only statutorily prescribed remedy for a successful APA challenge to a regulation."). Indeed, by its nature, the "scope" of vacatur under 5 U.S.C. § 706 is "'nationwide … not party-restricted' and 'affects all persons in all judicial districts equally.'" *Braidwood Mgmt., Inc. v. Becerra*, 104 F.4th 930 (5th Cir. 2024) (quoting *In re Clarke*, 94 F.4th 502, 512 (5th Cir. 2024) and *Career Colls. & Sch. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024)). *See also Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 144 S. Ct. 2440, 2467 (2024) (Kavanaugh, J., concurring) ("The Government has contended that equitable relief is ordinarily limited to the parties in a specific case. Therefore, nationwide injunctions would be permissible only if Congress authorized them. But in the APA, Congress did in fact depart from that baseline and authorize vacatur.").

This case is no different. Indeed, the *en banc* Fifth Circuit in this case noted that "vacatur of an agency action is the default rule in this Circuit." *Cargill*, 57 F.4th at 472. It concluded that because "the parties have not briefed the remedial scope question," the question whether the "appropriate" remedy is vacatur or "a more limited remedy" should be determined in the first instance by this Court on remand. *Id.*

Under the circumstances of this case, the presumptive remedy for an APA violation—vacatur—is appropriate. The Fifth Circuit has recognized the appropriateness of a more limited

remedy—a "remand for the agency to correct its errors"—only in "rare cases." *Franciscan Alliance*, 47 F.4th at 375 n.29 (quoting *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019)). Cargill's is not that "rare case."

According to the Fifth Circuit, following a finding that agency action violates the APA, remand without vacatur is appropriate only "when there is at least a serious possibility that the agency will be able to substantiate its decision given an opportunity to do so." *Texas Ass'n of Manufacturers v. U.S. Consumer Product Safety Comm'n*, 989 F.3d 368, 389 (5th Cir. 2021). That exception to the presumption-of-vacatur rule is applicable to cases involving a finding that an agency's action is arbitrary and capricious, not to cases (as here) involving agency action that exceeds statutory authority. *Franciscan Alliance*, 47 F.4th at 374–75.

In an arbitrary-and-capricious case, a reviewing court typically bases an APA-violation holding on a finding that the federal agency has failed to articulate "a satisfactory explanation" for its decision, "including a rational connection between the facts found and the choice made." *Motor Veh. Mfrs. Assn. of United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Under those circumstances, it is plausible that the agency could articulate the requisite "satisfactory explanation" if provided a second chance to do so on remand. But no similar possibility exists in excess-of-authority cases, such as this one, because an agency may not expand its statutory authority. Given the Supreme Court's holding that "ATF … exceeded its statutory authority by issuing a Rule that classifies bump stocks as machineguns," *Cargill*, 602 U.S. at 411, no additional explanations from ATF on remand could salvage the Final Rule. In the absence of that possibility, vacatur of the Final Rule—the "default" remedy for a holding that agency action violates the APA—is the appropriate remedy.

**III.     THE COURT SHOULD GRANT DECLARATORY RELIEF THAT NON-MECHANICAL BUMP STOCKS ARE NOT MACHINEGUNS UNDER 26 U.S.C. § 5845(b)**

In both this action and other lawsuits challenging the Final Rule, Defendants have taken the position that 26 U.S.C. § 5845(b)'s definition of machinegun encompasses non-mechanical bump stocks. *See, e.g.*, Defs. Trial Brief, Dkt # 46 at 9. In other words, quite apart from the Final Rule, Defendants contended that possession of a bump stock is a felony and has been ever since the underlying statute banning machineguns was passed. Declaratory relief is needed to give effect to the Supreme Court's and the *en banc* Fifth Circuit's conclusion that non-mechanical bump stocks are not machineguns under § 5845(b). Therefore, the Court should also grant Cargill's request for declaratory relief, which Defendants believe to be appropriate.

## CONCLUSION

Cargill respectfully requests that the Court grant his March 28, 2023 motion to amend the judgment entered on March 6, 2023, to vacate the Final Rule and declare that § 5845(b)'s definition of "machinegun" does not include non-mechanical bump stocks.

October 3, 2024

Respectfully submitted,

*/s/ Sheng Li*
Sheng Li
Mark Chenoweth
NEW CIVIL LIBERTIES ALLIANCE
4250 North Fairfax Drive, Suite 300
Arlington, Virginia 22203
(202) 869-5210
sheng.li@ncla.legal

Jonathan Mitchell
MITCHELL LAW PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
512-686-3940
jonathan@mitchell.law

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2024, I filed the foregoing motion electronically with the United States District Court for the Western District of Texas by means of the CM/ECF system and that I served a copy of the motion on Defendants by emailing a copy to:

Alexander Sverdlov
U.S. Department of Justice Civil Division,
Federal Programs Branch P.O. Box 883
Washington, DC 20044
alexander.v.svedlov@usdoj.gov

                                                                              /s/ *Sheng Li*
                                                                              Sheng Li