IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL CARGILL | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: 1:19-cv-349-DAE |
| | : | |
| MERRICK B. GARLAND, | : | |
| IN HIS OFFICIAL CAPACITY AS | : | |
| ATTORNEY GENERAL | : | |
| OF THE UNITED STATES, et al. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' RESPONSE IN PARTIAL OPPOSITION TO
PLAINTIFF'S MOTIONS TO ALTER JUDGMENT (Dkt. Nos. 68, 88)[1]**

The Fifth Circuit's *en banc* decision in this case appeared to contemplate a two-step process for bringing this case to a close. Specifically, after agreeing with Plaintiff that the challenged rule promulgated by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") was unlawful, the Fifth Circuit remanded the case with instructions "to enter judgment for [Plaintiff] and to determine the proper scope of relief." *Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir. 2023). Following that direction, the Court entered judgment. *See* Judgment, ECF No. 65. But, because Defendants made clear that they intended to petition the Supreme Court for a writ of *certiorari* to resolve what had become a circuit conflict, resolving the secondary question about the appropriate scope of relief in this case then became premature. *See* Mot. to Stay Briefing Re Pl.'s Rule 60 Mot., ECF No. 70 .

Now, the question about relief is ripe for resolution. In June of this year, the Supreme Court concluded that ATF's Final Rule, *Bump-Stock-Type Devices*, 83 Fed. Reg. 66,514 (Dec. 26, 2018), exceeded the agency's statutory authority. *Garland v. Cargill*, 602 U.S. 406, 410 (2024). Given that

---

[1] Pursuant to this Court's direction, Defendants respond herein to Plaintiff's Motions at both ECF No. 68 and No. 88. Defendants further construe ECF No. 88 as narrowing the relief Plaintiff seeks—for example, Plaintiff no longer seeks injunctive relief, *see* Pl.'s R. 60 Mot. for Relief from J., ECF No. 68 at 8; *see generally* Pl.'s Renewed Mot. Under R. 59(e) & 60 to Alter the J. to Vacate the Final Rule & Provide Declaratory Relief, ECF no. 88—and respond accordingly to that narrowed request.

holding, Defendants expressly "agree[d] that Cargill is entitled to relief." Combined Statements Regarding How Case Should Proceed at 3, *Cargill v. Garland*, No. 23-50856 (5th Cir. June 28, 2024), ECF No. 37. And the Fifth Circuit remanded the case back to this Court "to consider alterations to the judgment or other relief in light of the Supreme Court's decision." Unpublished Order at 1-2, ECF No. 86.

Accordingly, Defendants do not dispute that partial amendment of the Court's prior judgment is warranted. Having prevailed before the *en banc* Fifth Circuit and the Supreme Court, Plaintiff is entitled to declaratory relief. Plaintiff, however, seeks to press further and obtain wholesale vacatur of the challenged rule. But such vacatur would provide Plaintiff no additional benefit—and is therefore both unnecessary and unjustified as a matter of law.

## BACKGROUND

This Court is already familiar with the background and prior proceedings in this case. Briefly, longstanding provisions of federal law generally prohibit the sale or ownership of a "machinegun," which Congress defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger," as well as "any part designed and intended . . . for use in converting a weapon into a machinegun." 26 U.S.C. § 5845(b). The Final Rule that ATF promulgated in 2018 determined that this definition encompasses non-mechanical bump stocks, which "harness[] the recoil energy of the semiautomatic firearm" to facilitate a rapid rate of fire. 83 Fed. Reg. at 66,514.

Following issuance of the Final Rule, Plaintiff surrendered "two non-mechanical bump stocks" to ATF and then brought this lawsuit arguing that the rule was unlawful under the Administrative Procedure Act ("APA") because, among other reasons, ATF's "interpretation of machinegun conflict[ed] with the unambiguous statutory definition." *Cargill*, 57 F.4th at 456. The Complaint sought a judgment "declaring that the Final Rule . . . is unenforceable" against Plaintiff and "all persons similarly situated" within the district as well as an injunction "prohibiting Defendants from enforcing the Final Rule." *See* Compl. at 37–38 (Prayer for Relief), ECF No. 1.

Following trial, this Court sustained the Final Rule and entered judgment for Defendants. *Cargill v. Barr*, 502 F. Supp. 3d 1163, 1182 (W.D. Tex. 2020). A three-judge panel of the Fifth Circuit affirmed that decision. *Cargill v. Garland*, 20 F.4th 1004 (5th Cir. 2021). However, the Court subsequently reheard the case *en banc* and vacated the panel's decision, concluding that non-mechanical bump stocks do not fall within the statutory definition of "machinegun" under 26 U.S.C. § 5845(b). *Cargill*, 57 F.4th at 472-73. As part of that decision, the Fifth Circuit remanded the case back to this Court with instructions to "enter judgment for Cargill and determine what remedy—injunctive, declarative, or otherwise—is appropriate to effectuate that judgment." *Id.* at 472.

The Fifth Circuit issued its mandate on February 28, 2023, before the time for seeking further review of the decision had expired. One week later, this Court issued an order directing the entry of judgment for Plaintiff. Order for Clerk to Enter J. for Pl. & Close Case, ECF No. 64. The clerk entered judgment the same day. ECF No. 65.

Plaintiff subsequently moved to amend the judgment under Rules 59(e) and 60 to provide for (1) vacatur of the Final Rule; (2) injunctive relief prohibiting Defendants from enforcing the rule against Plaintiffs and others; and (3) declaratory relief stating that the Final Rule is unlawful. ECF No. 68. However, the Court stayed briefing on that motion while Defendants petitioned for a writ of certiorari—and ultimately denied the motion without prejudice when the Supreme Court granted the petition. *See* Order Granting Mot. to Stay Briefing, ECF No. 75; Order Den. Without Prejudice Mot. for Relief from J., ECF No. 78. Plaintiff appealed from that denial while Supreme Court proceedings were ongoing.

In June of this year, the Supreme Court issued its decision in *Garland v. Cargill*, affirming the *en banc* Fifth Circuit's decision that ATF's Final Rule exceeded the agency's statutory authority. 602 U.S. at 410, 415. The Fifth Circuit then vacated this Court's denial of Plaintiff's Rule 59(e)/60 Motion and remanded for this Court "to consider alterations to the judgment or other relief in light of the Supreme Court's decision." Unpublished Order at 1-2, *Cargill v. Garland*, No. 23-50856 (5th Cir. July 12, 2024), ECF No. 50. Plaintiff now renews his motion. ECF No. 88.

3

**ARGUMENT**

I.  **The Court Should Order Declaratory Relief**

Contrary to Plaintiffs' claims, there is no reason to think that the Court's prior entry of judgment without specifying relief was "oversight or error." ECF No. 88 at 4. Rather, that judgment reflected the unusual posture of this case returning to this Court before all stages of appellate review were complete. But now that those appellate proceedings are concluded, Defendants agree that partial amendment of this Court's prior judgment under Rule 60 is warranted. *See, e.g.*, *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992) ("The broad language of [Rule 60(b)] gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice." (citation omitted)). Specifically, Defendants agree with Plaintiffs' request that the Court enter a judgment declaring that "non-mechanical bump stocks are not machineguns under [26 U.S.C.] § 5845(b)." ECF No. 88 at 8.[2]

This declaration accurately reflects the Supreme Court's holding that "a semiautomatic rifle equipped with a bump stock is not a 'machinegun,'" under 26 U.S.C. § 5845(b). *Cargill*, 602 U.S. at 415. The Supreme Court reached that conclusion because it determined that a rifle equipped with such a device "cannot fire more than one shot 'by a single function of the trigger.'" *Id.* The Court's holding specifically excludes "mechanical bump stocks," which "rely on an internal spring, rather than forward pressure from the shooter's nontrigger hand, to force the rifle and trigger forward after recoil." *Id.* at 411 n.1. Plaintiffs' proposed declaratory judgment contains a similar carve-out, and therefore does not sweep more broadly than justified. ECF No. 88 at 8.

Further, the declaration provides Plaintiff all necessary and appropriate relief. Plaintiff's asserted injuries in this case all stem from the threatened enforcement of ATF's rule against him. *See, e.g.*, ECF No 1 ¶¶ 2, 52. That injury is fully remedied by a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02. *See generally* 28 U.S.C. § 2201(a) ("[A]ny court of the United States . . . may declare the

---

[2] Pursuant to the Court's direction at the status conference on October 17, 2024, Defendants attach hereto a Proposed Judgment, *see* Ex. A., and Proposed Order, *see* Ex. B.

4

rights and other legal relations of any interested party seeking such declaration . . . . [and] such declaration shall have the force and effect of a final judgment or decree."). That is because such a judgment ensures that ATF's Final Rule cannot be legally enforced against Plaintiff and eliminates any fear that Plaintiff may have about being prosecuted under its terms. *See generally Comm. on Judiciary of U.S. House of Representatives v. Miers*, 542 F.3d 909, 911 (D.C. Cir. 2008) ("[W]e have long presumed that officials of the Executive Branch will adhere to the law as declared by the court. As a result, the declaratory judgment is the functional equivalent of an injunction."); *cf. Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 97 (1992) (White, J., concurring) (explaining declaratory relief sufficient because government officials can be "expect[ed]" to "satisfy their obligations"); *Baldwin Metals Co. v. Donovan*, 642 F.2d 768, 775 n.17 (5th Cir. Unit A Apr. 1981) ("An inadequate remedy at law and an irreparable injury should exist before a court grants injunctive relief.").

## II.     Vacatur Is Neither Necessary Nor Appropriate

In addition to the declaratory relief discussed above, Plaintiff further requests this Court vacate the Final Rule pursuant to 5 U.S.C. § 706. ECF No. 88 at 5–7. Such relief is not appropriate here and should be denied.

As a general matter, nationwide vacatur is inconsistent with Article III and equitable principles limiting federal court remedies. Under Article III, a court's "constitutionally prescribed role is to vindicate the individual rights of the people appearing before it," and "a plaintiff's remedy must be 'limited to the inadequacy that produced [his] injury in fact.'" *Gill v. Whitford*, 585 U.S. 48, 66, 72-73 (2018); *see also United States v. Texas*, 599 U.S. 670, 694 (2023) (Gorsuch, J., concurring in the judgment) ("'[T]he 'judicial Power' [in U.S. Const. art. III, § 2] is the power to decide cases for parties, not questions for everyone." (cleaned up)). But vacatur necessarily sweeps more broadly because it not only defines defendants' obligations with respect to the named plaintiff but also issues a remedy that benefits innumerable other people that are not before the Court.

Nothing in the text of Section 706 expressly authorizes that kind of expansion of judicial power. The APA itself does not reference vacatur, providing instead for more traditional equitable remedies like injunctions, 5 U.S.C. § 703. And there is little indication that Congress intended to create

5

a new and radically different remedy in providing that courts reviewing agency action should "set aside" agency "action, findings, and conclusions," *id.* § 706(2); *see Texas*, 599 U.S. at 693 (Gorsuch, J., concurring in the judgment) (detailing "serious" arguments that "warrant careful consideration" as to whether the APA "empowers courts to vacate agency action"). Further, the practice of nationwide vacatur "upset[s] the bedrock practice of case-by-case judgments with respect to the parties in each case." *Arizona v. Biden*, 31 F.4th 469, 484 (6th Cir. 2022) (Sutton, C.J., concurring). Reading § 706(2) to authorize hundreds of individual district judges around the Nation to grant nationwide relief in every APA case would perpetuate all of the well-catalogued problems with overbroad universal remedies. *See, e.g., Labrador v. Poe ex rel. Poe*, 144 S. Ct. 921, 921-28 (2024) (Mem) (Gorsuch, J., concurring).

Defendants recognize, of course, that binding precedent holds vacatur to be the "default rule" in this Circuit. *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022). But in this case, declaratory judgment would effectuate fully the judgment while providing a more limited remedy. And the Circuit's decision in this very case has made clear that vacatur is not a mandatory remedy. *See, e.g.*, *Cargill*, 57 F.4th at 472; *Tex. Ass'n of Mfrs. v. U.S. Consumer Prod. Safety Comm'n*, 989 F.3d 368, 389 (5th Cir. 2021). Rather, the *en banc* Fifth Circuit expressly noted that "[i]t is well-established that '[a] plaintiff's remedy must be tailored to redress the plaintiff's particular injury,'" and directed this Court to consider on remand whether "a more limited remedy" than universal vacatur "is appropriate to effectuate" the judgment in this case. *Cargill*, 57 F.4th at 472 (quoting *Gill*, 585 U.S. at 73).

Here, Plaintiff does not offer any persuasive argument why vacatur would be appropriate, or why declaratory relief is not enough. Rather, his brief merely asserts that vacatur is "the presumptive remedy for an APA violation" of the type he presents. ECF No. 88 at 6. But this argument does not even attempt to explain what benefit vacatur would provide Plaintiff that he would not obtain with a declaratory judgment—or why it would be necessary to effectuate complete relief. *Id.* Indeed, it is clear that vacatur would serve no such benefit. Plaintiff is directly regulated under the rule; accordingly, he has no argument that vacatur is necessary to forestall some "adverse downstream effects" that he may suffer from the rule's regulation of *someone else*. *Corner Post, Inc. v. Bd. of Governors*

6

*of Fed. Rsrv. Sys.*, 144 S. Ct. 2440, 2460 (2024) (Kavanaugh, J., concurring), *remanded sub nom. N.D. Retail Ass'n v. Bd. of Governors of Fed. Rsrv. Sys.*, 113 F.4th 1027 (8th Cir. 2024).

Tellingly, Plaintiff himself no longer seeks any injunctive relief with respect to ATF's Final Rule. And rightly so: there is no longer reason to believe that the rule would be enforced against Plaintiff in the future. To the contrary, Defendants have "already informed Cargill that his bump stocks are available for pickup at the Austin ATF field office and has provided him with contact information for an ATF agent there with whom Cargill can arrange pickup." Combined Statements Regarding How Case Should Proceed at 3, *Cargill v. Garland*, No. 23-50856 (5th Cir. June 28, 2024), ECF No. 37. Under these circumstances, there is no plausible justification for any remedy beyond the declaratory judgment to which Defendants already consent.

Because vacatur is unnecessary to effect relief to Plaintiff, the Court should decline to provide that discretionary remedy.

## CONCLUSION

In light of the Supreme Court's decision in *Garland v. Cargill*, 602 U.S. 406 (2024), this Court should grant Plaintiff's declaratory relief and deny Plaintiff's request for vacatur of the Final Rule.

Dated: October 17, 2024                     Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            BRIGHAM J. BOWEN
                                            Assistant Branch Director
                                            Federal Programs Branch

                                            */s/ Alexandra J. Widas*
                                            ALEXANDER V. SVERDLOV
                                            (N.Y. Bar No. 4918793)
                                            ALEXANDRA J. WIDAS
                                            (DC Bar No. 1645372)
                                            Trial Attorneys
                                            Federal Programs Branch
                                            U.S. Department of Justice, Civil Division
                                            1100 L Street, NW

Washington, DC 20005  
Telephone: (202) 616-8472  
Fax: (202) 616-8470  
Email:  alexandra.j.widas@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

                                                _/s/ *Alexandra. J. Widas*____
                                                Trial Attorney
                                                Federal Programs Branch
                                                U.S. Department of Justice, Civil Division