IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL CARGILL, | § | NO. 1:19-CV-349-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MERRICK GARLAND, U.S. Attorney General; United States Department of Justice; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, | § § § § § § § § | |
| | § | |
| Defendants. | § | |

ORDER: (1) GRANTING RULE 60 MOTION FOR RELIEF FROM JUDGMENT; AND (2) GRANTING RENEWED MOTION UNDER RULES 59(e) AND 60 TO ALTER THE JUDGMENT TO VACATE THE FINAL RULE AND PROVIDE DECLARATORY RELIEF

The matters before the Court are Plaintiff Michael Cargill's (1) Rule 60 Motion for Relief from Judgment or, Alternatively, Rule 59(e) Motion to Amend the Judgment (Dkt. # 68), and (2) Renewed Motion under Rules 59(e) and 60 to Alter the Judgment to Vacate the Final Rule and Provide Declaratory Relief (Dkt. # 88). After careful consideration of the matters raised in the motions, the Court **GRANTS** both motions.

## BACKGROUND

The facts of this case are well known to the parties. Plaintiff has summarized the case in its Rule 60 motion for relief for judgment as follows (Dkt. # 68): A federal criminal statute adopted in 1986 bans civilian ownership of any "machinegun" manufactured after 1986. 18 U.S.C. § 922(o)(1). The statutory definition of a "machinegun," which has remained constant since 1986, states:

> The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any combination of parts designed and intended for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

26 U.S.C. § 5845(b). That definition is incorporated into the criminal code by 18 U.S.C. § 921(a)(23).

"Bump stocks" are devices that can be affixed to semi-automatic rifles to assist with more rapid firing, particularly among users with limited hand mobility. Between 2008 and 2017, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) repeatedly issued classification decisions indicating that non-mechanical bump stocks are not "machinegun[s]" as defined by federal law and thus are not subject to the federal ban on sale and possession of machineguns. See ATF Bump-Stock-Type Devices, 83 Fed. Reg. 66,514, 66,514 (Dec. 26, 2018) ("Final Rule"). The Final Rule reversed that longstanding interpretation, declared

that all varieties of non-mechanical bump stocks are "machineguns," and ordered the hundreds of thousands of Americans who owned bump stocks (including Plaintiff Michael Cargill) to either destroy their bump stocks or abandon them at an ATF office by March 26, 2019.

In March 2019, Cargill filed suit against ATF and the U.S. Department of Justice ("Defendants"). (Dkt. # 1.)  The suit alleged, among other things, that issuance of the Final Rule was not in accordance with law and in excess of statutory authority, in violation of the Administrative Procedure Act (APA).  5 U.S.C. §§ 706(2)(A), (C).  The complaint sought an award of both declaratory and injunctive relief.  Cargill surrendered both of his two bump stocks to ATF, but ATF agreed to preserve them pending the outcome of this lawsuit. Cargill v. Barr, 502 F. Supp. 3d 1163, 1182 (W.D. Tex. 2020).

Following a bench trial, this Court upheld the Final Rule and entered judgment for Defendants, holding that the best reading of the statutory definition of "machinegun" encompasses non-mechanical bump stocks.  Id. at 1194.  A three-judge Fifth Circuit panel affirmed.  Cargill v. Garland, 20 F.4th 1004 (5th Cir. 2021).  The appeals court later vacated the panel decision and granted rehearing en banc.  37 F.4th 1091 (5th Cir. 2022).

In January 2023, the en banc appeals court reversed, holding that the Final Rule violated the APA and that non-mechanical bump stocks are not "machineguns" as defined by 26 U.S.C. § 5845(b). Cargill v. Garland, 57 F.4th 447, 472-73 (5th Cir. 2023) ("Cargill III"). The court remanded the case to this Court to "enter judgment for Cargill and determine what remedy—injunctive, declarative or otherwise—is appropriate to effectuate that judgment." Id. at 472. The Fifth Circuit issued its mandate on February 28, 2023.

On March 6, 2023, this Court issued an order stating, "In accordance with the Fifth Circuit's opinion, the Court hereby ORDERS the Clerk to ENTER JUDGMENT for Plaintiff. Thereafter, the Court ORDERS that this case be CLOSED." (Dkt. # 64.) On March 28, 2023, Plaintiff filed the instant Rule 60/59(e) motion for relief from judgment or alternative motion to amend the judgment on the basis that the Court's order entering judgment did not specify the precise nature of relief to be awarded—injunctive, declaratory, or otherwise. (Dkt. # 68.) Plaintiff thus asked the Court to amend the judgment and grant him his requested relief. While this motion was still pending, on November 7, 2023, the Supreme Court granted certiorari in this case. (Dkt. # 77.) On November 8, 2023, this Court denied without prejudice Plaintiff's pending Rule 60/59(e) motion to amend the judgment in light of the Supreme Court's grant of certiorari. (Dkt. #78.)

On June 14, 2024, the Supreme Court affirmed the en banc decision of the Fifth Circuit, finding that a bump stock does not transform a semiautomatic rifle into a "machinegun" as defined by § 5845(b).  Cargill v. Garland, 602 U.S. 406 (2024).  Thereafter, the case returned to the Fifth Circuit, and on September 3, 2024, the Fifth Circuit entered its mandate, vacating this Court's denial without prejudice of Plaintiff's Rule 60/59(e) motion to alter or amend the judgment (Dtkt. # 68) and remanding the case to this Court "to consider alterations to the judgment or other relief in light of the Supreme Court's decision in Garland v. Cargill, 602 U.S. at 406.  Thus, Plaintiff's Rule 60/59(e) motion to amend judgment is again pending for this Court's resolution.  (Dkt. # 68.)

On October 3, 2024, Plaintiff filed the instant Renewed Motion Under Rules 59(e) and 60 to Alter the Judgment to Vacate the Final Rule and Provide Declaratory Relief.  (Dkt. # 88.)  On October 17, 2024, Defendants filed a response in partial opposition to both pending motions for relief.  (Dkt. # 94.)  On October 23, 2024, Plaintiff filed his reply to both motions.  (Dkt. # 97.)  The parties also submitted proposed judgments as ordered by the Court at a status conference held on October 17, 2024.  (Dkt. # 94-1; Dkt. # 96-1.)

APPLICABLE LAW

Plaintiff moves for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, or in the alternative, to amend the judgment pursuant to Rule 59(e). (Dkts. # 68, 88.)  As reflected in Defendants' partial agreement with Plaintiff's motion, the Court's prior entry of judgment in this case highlights the unusual posture of this case returning to this Court prior to all stages of appellate review having been completed. (See Dkt. # 94 at 4.)  Defendants agree that partial amendment of this case pursuant to Rule 60 is warranted particularly in light of the Supreme Court's decision in this case.  The Court agrees with the parties and thus will consider Plaintiff's request for judgment in both pending motions pursuant to Rule 60(a).

Under Rule 60(a), the Court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).  Rule 60(a) may be used where "the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting In re W. Tex. Mktg. Corp., 12 F.3d 497, 503 (5th Cir. 1994)).  "In such instances the judgment can be corrected to speak the truth." Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 669 (5th Cir.

1986) (quoting <u>Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Indus., Inc.</u>, 694 F.2d 112, 114 (5th Cir. 1982)).

## ANALYSIS

Both Plaintiff's pending Rule 60(a) motions ask the Court to alter its judgment in order to vacate the Final Rule as well as provide declaratory relief.[1] (Dkts. # 68, 88.) In response, Defendants agree that the Court should enter declaratory relief to Plaintiff in this case in light of the Supreme Court's determination that "a semiautomatic rifle equipped with a bump stock in not a 'machinegun' under 26 U.S.C. § 5845(b). (Dkt. # 94 at 4.) However, Defendants contend that vacatur of the Final Rule is neither necessary nor appropriate. (Dkt. # 94 at 5.)

A.   <u>Vacatur</u>

Plaintiff argues that the Supreme Court's ruling affirming the Fifth Circuit's en banc determination that the Final Rule violated the APA by exceeding the ATF's statutory authority, warrants a ruling by this Court vacating the Final Rule. (Dkt. # 88 at 5.) Plaintiff contends that the Fifth Circuit's "default rule" is that vacatur of a challenged federal action is the "appropriate" remedy where, as here, the action is determined to have violated the APA. (Dkt. # 68 at 5.)

---

[1] Plaintiff's original Rule 60 motion also asked for injunctive relief. (Dkt. # 68 at 7.) In Plaintiff's renewed motion, however, he abandons this request. (Dkt. # 88.) In any case, the Court does not find injunctive relief is now appropriate.

7

In response, Defendants recognize that "binding precedent holds vacatur to be the 'default rule' in this Circuit," but nevertheless urge the Court to consider that "nationwide vacatur is inconsistent with Article III and equitable principles limiting federal court remedies." (Dkt. # 94 at 5, 6.) Defendants maintain that "vacatur necessarily sweeps more broadly because it not only defines defendants' obligations with respect to the named plaintiff but also issues a remedy that benefits innumerable other people that are not before the Court." (Id. at 5.) Defendants thus ask the Court to grant declaratory relief only to Plaintiff and not to vacate the Final Rule. (Id. at 6.)

In the Fifth Circuit, "the APA 'empowers and commands courts to "set aside" unlawful agency actions,' allowing a district court's vacatur to render a challenged action "void."' Tex. Med. Ass'n v. U.S. Dept. of Health and Human Servs., 110 F.4th 762, 780 (5th Cir. 2024) (quoting Texas v. Biden, 20 F.4th 928, 957 (5th Cir. 2021), rev'd on other grounds, 597 U.S. 785 (2022). Indeed, "[b]inding Fifth Circuit precedent recognizes this remedy." Id. (citing Data Mktg. P'ship, LP v. U.S. Dep't of Lab., 45 F.4th 846, 856 n.2 (5th Cir. 2022) (holding that Texas v. Biden "remains binding" "except for the portions of it on statutory interpretation and final agency action"); Franciscan All., Inc. v. Becerra, 47 F.4th 368, 374-75 (5th Cir. 2022) ("Vacatur is the only statutorily prescribed remedy for a successful APA challenge to a regulation.").

When awarding relief under Section 706(2), a court may fashion the remedy in one of two ways: remand the rule with vacatur or remand the rule without vacatur.  See Texas v. United States, 50 F.4th 498, 529–30 (5th Cir. 2022).  The default rule is to vacate and remand the rule.  See Data Mktg. P'Ship, 45 F.4th at 859.  Remand without vacatur is an exceptional remedy that is appropriate where "there is at least a serious possibility that the agency will be able to substantiate its decision given an opportunity to do so."  See Texas v. Biden, 10 F.4th 538, 560 (5th Cir. 2021) (quoting Tex. Ass'n of Mfrs. v. U.S. Consumer Prod. Safety Comm'n, 989 F.3d 368, 389 (5th Cir. 2021)); see Am. Bankers Ass'n v. Nat'l Credit Union Admin., 934 F.3d 649, 674 (D.C. Cir. 2019).  Courts consider two factors to determine whether vacatur is appropriate: "(1) the seriousness of the deficiencies of the action, that is, how likely it is the agency will be able to justify its decision on remand; and (2) the disruptive consequences of vacatur."  Texas, 20 F.4th at 1000.

The Fifth Circuit in this very case noted that "vacatur of an agency action is the default rule in this Circuit."  Cargill, 57 F.4th at 472.  Still, the Fifth Circuit noted that because "the parties [did] not brief[] the remedial-scope question," then "it may be the case that a more limited remedy is appropriate under these circumstances."  Id.

The Court has carefully considered whether vacatur is appropriate in this case or whether a more limited remedy is available.  The Supreme Court has clearly articulated that the "ATF … exceeded its statutory authority by issuing a Rule that classifies bump stocks as machineguns."  Cargill, 602 U.S. at 411.  In such case, there does not appear to be any exception to the "default rule" that vacatur is the proper remedy because the deficiencies in the Final Rule "cannot be corrected on remand."  Tex. Med. Ass'n, 110 F.4th at 779–80.  Defendants do not even suggest such a remedy, arguing only that if equitable relief is appropriate, it should be granted only with respect to Plaintiff in the form of declaratory relief.  (Dkt. # 94 at 6–7.)  However, "the ordinary result" of setting aside unlawful rules is that "the rules are vacated—not that their application to the individual petitioners is proscribed."  Franciscan All., Inc. v. Azar, 414 F. Supp. 3d 928, 944–45 (N.D. Tex. 2019) (quoting Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs, 145 F.3d 1399, 1409 (D.C. Cir. 1998)); Tex. Med. Ass'n v. U.S. Dept. of Health & Human Servs., 587 F. Supp. 3d 528, 549 (E.D. Tex. 2022).  Additionally, Defendants fail to articulate how vacatur of the Final Rule will be unduly disruptive especially in light of the Supreme Court's declaration in this matter, nor can the Court identify a disruptive effect at this point that would be caused by vacating the Final Rule.  Accordingly, having considered the applicable factors, the Court finds that

remanding the Final Rule with vacatur is appropriate and warranted in light of the Fifth Circuit's "default rule."

      B.     <u>Declaratory Relief</u>

Regarding Plaintiff's request for declaratory relief, the Court also finds it proper to exercise its discretion to issue such relief here. <u>See Sherwin-Williams Co. v. Holmes Cty.</u>, 343 F.3d 383, 388 (5th Cir. 2003). Under the Declaratory Judgment Act, "a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "It is party-specific relief, not merely a statement of legal conclusions." <u>Chamber of Commerce of U.S.A. v. Consumer Fin. Prot. Bureau</u>, 691 F. Supp. 3d 730, 744 (E.D. Tex. 2023). While the vacatur in this case gives relief to non-parties, the declaration will provide relief to Plaintiff as the interested party seeking such. Accordingly, the Court will enter the proposed declaratory judgment Plaintiff seeks in this case—that Plaintiff has the right to possess and transfer non-mechanical bump stocks under federal law, and that the statutory prohibitions against the possession and transfer of machineguns in 18 U.S.C. § 922(o)(1) and 26 U.S.C. § 5845(b) do not limit Plaintiff's rights or legal relation in this regard.

CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's: (1) Rule 60 Motion for Relief from (Dkt. # 68), and (2) Renewed Motion under Rule 60 to Alter the Judgment to Vacate the Final Rule and Provide Declaratory Relief (Dkt. # 88). The Court **ORDERS** that the Final Rule is **VACATED** and **REMANDED** for further consideration in light of this Order. The Court also **DECLARES** that Plaintiff has the right to possess and transfer non-mechanical bump stocks under federal law, and that the statutory prohibitions against the possession and transfer of machineguns in 18 U.S.C. § 922(o)(1) and 26 U.S.C. § 5845(b) do not limit Plaintiff's rights or legal relation in this regard. An amended final judgment will issue separately.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, November 4, 2024.

_____
David Alan Ezra
Senior United States District Judge